**657**

Michael ADAMS, Plaintiff,

v.

ALLSTATE INSURANCE COMPANY,
Defendant.

No. CIV. A. 96–5670.

United States District Court,
E.D. Pennsylvania.

May 9, 2000.

Joseph F. Roda, Eric L. Keepers, Roda & Nast, P.C., Lancaster, PA, for plaintiff.

Norbert F. Bergholtz, Marshall J. Walthew, Jay M.Green, Dechert, Price & Rhoads, Philadelphia, PA, for defendant.

## MEMORANDUM

JOYNER, District Judge.

Plaintiff has filed this action against Allstate Insurance Company ("Allstate") alleging that it acted in bad faith in handling plaintiff's two underinsured motorist ("UIM") claims. On October 12, 1999, Defendant filed this Motion to Dismiss. For the reasons that follow, the motion is denied.

### Background

The facts of this case have been set forth in this Court's previous memoranda.

### Discussion

I. LEGAL STANDARD

*A. Motion to Dismiss*

On a motion to dismiss pursuant to Fed. R.Civ.P. 12(b)(6), the court is required to accept as true all allegations in the complaint, and all reasonable inferences that can be drawn therefrom, and to view them in the light most favorable to the nonmoving party. *See Oshiver v. Levin, Fishbein, Sedran & Berman,* 38 F.3d 1380, 1384 (3d Cir.1994). While a court will accept well-pled allegations as true for the purposes of the motion, it will not accept unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegation. *See Miree v. DeKalb County, Ga.,* 433 U.S. 25, 27 n. 2, 97 S.Ct. 2490, 53 L.Ed.2d 557 (1977). The court's inquiry is directed to whether the allegations constitute a statement of a claim under Fed.R.Civ.P. 8(a), and whether the plaintiff has a right to any relief based upon the facts pled. Dismissal under Fed.R.Civ.P. (12)(b)(6) for failure to state a claim is therefore limited to those instances where it is certain that no

relief could be granted under any set of facts that could be proved. *See Ransom v. Marrazzo,* 848 F.2d 398, 401 (3d Cir.1988).

### B. Bad Faith Claim

■ There are two elements to a bad faith claim in Pennsylvania: (1) that the defendant did not have a reasonable basis for denying benefits under the policy; and (2) that the defendant knew or recklessly disregarded its lack of reasonable basis in denying the claim. *See Keefe v. Prudential Prop. & Cas. Ins. Co.,* 203 F.3d 218, 225 (3d Cir.2000).

### II. PLAINTIFF'S CLAIM FOR BAD FAITH (COUNT I)

Plaintiff argues that Defendant "used the third party defense of plaintiff's claim against Ms. Muller as a tool to delay plaintiff's subsequent underinsured motorist claim which he eventually brought against Allstate after Ms. Muller's case was settled." Plaintiff's Response at 5. Defendant argues that Plaintiff "has not received any assignment of bad faith rights from Muller, and that he cannot make a bad faith claim on her behalf." Defendant's Motion at 3. This argument is based on a misstatement of Plaintiff's claim. Plaintiff's claim is that Defendant used the defense of Ms. Muller in bad faith against Plaintiff, not that Defendant acted in bad faith toward Ms. Muller. Therefore the issue of assignment is irrelevant.

■ Defendant's next argument, interestingly, correctly interprets Plaintiff's claim regarding Allstate's defense of Ms. Muller. Defendant's then argues that Plaintiff has pled no facts to support the claim. However, Plaintiff's Response points to facts pled that, if true, could support a claim for bad faith against Defendant. For example, Defendant assigned a common claims representative to both cases. *See* Plaintiff's Response at 5–7. These facts alone do not constitute a conclusively proven claim, but they do constitute some evidence supporting Plaintiff's position. A complaint should be dismissed only if no relief could be granted under any set of facts that could be proven consistent with the allegations. *See Alexander v. Whitman,* 114 F.3d 1392, 1398 (3d Cir.1997). Accordingly, based on the pleadings currently before the Court, the Court cannot dismiss this aspect of the bad faith claim at this time.

Plaintiff's bad faith claim also contains an allegation that Defendant's "unreasonable delay forced plaintiff to unnecessarily go to the expense of an arbitration hearing." Second Supplemental Complaint ¶ 136. Defendant argues that this aspect of the claim is invalid because Plaintiff's policy contains an arbitration clause, and the mere act of taking a case to arbitration does not constitute bad faith. But again, Defendant misconstrues Plaintiff's claim. Plaintiff does not argue that it was bad faith to take the claim to arbitration; rather, Plaintiff's claim is that Defendant unreasonably delayed his claim, which in turn Plaintiff says led to Plaintiff to incur the expense of an unnecessary arbitration. Plaintiff argues that if that is true, then Defendant's conduct could constitute bad faith under Pennsylvania law, which includes among unfair claim settlement practices compelling an insured to institute litigation to recover amounts due under a policy. *See* 40 P.S. § 1171.5(a)(10)(vii). Pennsylvania's rules of statutory construction state that generally "the provisions of a statute should be liberally construed to effect their objects and purposes and to promote justice." 1 Pa.Cons.Stat.Ann. § 1928(c). Nevertheless, it is unclear to the Court whether Plaintiff's argument is correct; the cited statute may or may not apply to the facts set forth by Plaintiff. The Court's research on the applicability of the statute to the facts set forth by Plaintiff is inconclusive. Given that this element of Defendant's Motion to Dismiss is premised on Defendant's misunderstanding of Plaintiff's claim, and given that the Court has found no legal authority preventing Plaintiff's claim from leading to relief, the Court will deny Defendant's Mo-

tion to Dismiss at this time with regard to this element of the bad faith claim.

Defendant's next argument with regard to Plaintiff's bad faith claim is that ¶ 137 of Plaintiff's claim constitutes a "conclusory allegation" with "no factual underpinning." Defendant's Motion at 8. The paragraph in question reads: "In connection with plaintiff's UIM claims regarding his accident of September 20, 1991, defendant, in bad faith, took the unreasonable and unfounded position that plaintiff's claims for injuries and lost wages were not legitimate; all despite the fact there was no reasonable basis to take such a position claim." Second Supplemental Complaint at ¶ 137. Although the Court might agree that this paragraph is confusingly worded, the Court does not understand the basis for Defendant's claim that there is no factual underpinning for this paragraph's claim. The paragraph is broadly supported by the factual allegations pled in Plaintiff's Complaint. *See, e.g.,* Complaint at ¶ 19–21 (pleading that Defendant had reason to believe that Plaintiff's claim was genuine). Accordingly, the Court will not grant this aspect of Defendant's Motion to Dismiss.

Finally, Defendant argues that a portion of Plaintiff's Complaint is based merely on allegations of a discovery dispute. The issue is that Defendant allegedly told Plaintiff that his coverage was $100,000, when the parties appear to now agree that it was $150,000. *See* Motion to Dismiss at 8–9. The Court does not see how this constitutes a "discovery dispute." If this is classified as a "discovery dispute," then any communication between an insurer and its insured after instigation of litigation would be a "discovery dispute" and could not be the basis for a bad faith claim. This is clearly not the case under Pennsylvania law. Pennsylvania law specifically

defines "[m]isrepresenting pertinent facts or policy or contract provisions relating to coverages at issue" as constituting "unfair claim settlement or compromise practices." 40 P.S. § 1171.5(a)(10)(i).[1] The Court therefore disagrees with Defendant's claim that this is merely a "discovery dispute" and therefore not a possible basis for a bad faith claim. Defendant's Motion to Dismiss Count One of Plaintiff's Complaint is therefore denied.

## III. PLAINTIFF'S BREACH OF CONTRACT AND UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION CLAIMS (COUNTS II AND IV)

Defendant argues that because "there is absolutely no reference in the second supplemental complaint to a breach of contract claim," that the claim must be dismissed. Defendant's Motion to Dismiss at 10. Defendant fails to notice that ¶ 131 of the Second Supplemental Complaint incorporates the Complaint and Supplemental Complaint. *See* Second Supplemental Complaint at ¶ 131. In our Order of June 3, 1997, the Court declined to dismiss Plaintiff's breach of contract claim, and Plaintiff's claim under the Pennsylvania Unfair Trade Practices and Consumer Protection Law (UTPCPL), 73 P.S. § 201–1 to 201–9.3. *See* Court Order dated June 3, 1997. Those claims survived summary judgment, and have since only changed by the addition of supplemental facts in the Second Supplemental Complaint. The Court does not see how the additional facts pled by Plaintiff change these two claims such that, where before they could survive summary judgment, now they cannot survive a motion to dismiss.

1. The Court notes that Plaintiff's Response contains several careless mis-citations. On page 8 of Plaintiff's Response, Plaintiff cites to Title 42 of the Pennsylvania Statutes, when the citation should have been to Title 40. On page 7, Plaintiff discusses ¶ 137 of his Second Supplemental Complaint, when he intends to

be discussing ¶ 136. Meanwhile, as discussed in the body of this Memorandum, several aspects of Defendant's Motion to Dismiss are based upon a misreading of Plaintiff's Complaint. Both parties should be more careful in proofreading and insuring the accuracy of their pleadings before this Court.

### Conclusion

The Court has examined the facts put forward by Plaintiff at this time, and the arguments in Defendant's Motion to Dismiss. The Court finds that it is not certain that no relief could be granted with regard to Plaintiff's First, Second, and Fourth Counts. Accordingly, Defendant's Motion to Dismiss is denied.

An appropriate Order follows.

### ORDER

AND NOW, this ___ day of May, 2000, upon consideration of Defendant's Motion to Dismiss Plaintiff's Second Supplemental Complaint (Document No. 49), and Plaintiff's Response thereto, it is hereby ORDERED, in accordance with the foregoing memorandum, that the Motion is DENIED.